ANNIE M. NIXON v. DISPATCH PRINTING COMPANY.[1]

June 14, 1907.

Nos. 15,082—(98).

**Libel—Publication of Pleading.**

A publication of judicial proceedings, if fair and impartial, is privileged; but a complaint or other pleading in a civil action, which has never been presented to the court for its action, is not a judicial proceeding within the rule, and its publication, if it contains libelous matter, can only be justified by showing that it is true.

Action in the district court for Ramsey county to recover $20,000 for libel. The case was tried before Orr, J., and a jury, which rendered a verdict in favor of the plaintiff for one dollar. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson,* for appellant.

R. L. 1905, § 4920, provides that no prosecution for libel shall be maintained against a newspaper for a fair and true report of any ju-

[1] Reported in 112 N. W. 258.

dicial proceeding, or of any statement, speech, argument or debate in the course of the same. As soon as a complaint in an action has been filed it is a public document open to public inspection, and that document was a proceeding within the meaning of the term used in the statute and specifically held to be privileged. The complaint, with the summons, had been served upon this plaintiff and filed in the office of the clerk of the district court. After such filing or as soon as the service of the summons was made upon the defendant, the action was begun. Section 4920 is very similar to the California statute on the same subject. The California courts hold that the publication of a complaint before trial is privileged. Hollis v. Meux, 69 Cal. 625; Duncan v. Atchison, T. & S. F. R. Co., 72 Fed. 810. Complaints like this have been published by the newspapers, with full knowledge of the officers of the state, for many years. This practical construction of the statute tends strongly to show that newspapers have the privilege claimed. 2 Lewis, Statutory Construction, § 474. In Searles v. Scarlet, 2 L. R. (1892) Q. B. Div. 56, we find the distinction pointed out between the publication of what is a secret document and the publication of a document open to public inspection. The logic of that decision leads to the conclusion that the publication of this public document was not libelous. See, also, Beiser v. Scripps-McRae Pub. Co., 113 Ky. 383. It is for the public interests to give information of the beginning of suits against individuals.

*Schmidt & Newman,* for respondent.

R. L. 1905, § 4920, applies to a criminal prosecution for libel. But even to claim immunity from a criminal prosecution for libel, there must be an actual proceeding in open court. Under the English law ex parte or preliminary proceedings are not privileged, even though such proceedings are had in open court with a judge or magistrate sitting. Rex v. Lee, 5 Esp. 123; Rex v. Fisher, 2 Camp. 563; Duncan v. Thwaites, 10 E. C. L. 255; Delegal v. Highley, 32 E. C. L. 435. Most states have extended the common-law rule as to fair and impartial reports of the proceedings of trials so as to include such reports of ex parte or preliminary proceedings when a judge or magistrate is sitting. 1 Jaggard, Torts, 532.

The question has not been presented often to courts of last resort, but each time it has been the doctrine contended for by appellant has

been repudiated. Cincinnati Gazette Co. v. Timberlake, 10 Oh. St. 549.; Cowley v. Pulsifer, 137 Mass. 392; Parker v. Detroit Free Press Co., 72 Mich. 560; Todd v. Every Evening Printing Co. (Del.) 62 Atl. 1089; Barber v. St. Louis Dispatch Co., 3 Mo. App. 377.

START, C. J.

Action to recover damages in the sum of $20,000 for libel. Plaintiff was given a verdict for one dollar. The defendant appealed from an order denying its motion for a new trial.

There is no dispute as to the facts, which are as follows: The defendant is engaged in the publication of a newspaper known as the "St. Paul Dispatch." On October 5, 1905, it published the article complained of, which was libelous on its face, in its newspaper. The article was taken from a complaint then on file in a divorce action commenced by the plaintiff's husband against her in the district court of the county of Ramsey. Extracts from the complaint so on file were published by the defendant, without actual or express malice or ill-will toward the plaintiff; and, further, it has been the custom for many years of newspapers in the city of St. Paul to publish extracts from or comments on complaints when filed in the district court prior to the trial of such actions, and such pleadings have been considered by the newspapers as privileged. The sole question for our decision is whether the facts stated show that the publication was privileged.

The fact that managers of newspapers have been accustomed to publish, when filed, the pleadings in civil actions, and to consider such publications as privileged, is immaterial, for neither custom nor opinion can withdraw person, character, or property from the protection of the constitution. The law is well settled that a publication of judicial proceedings, if fair and impartial, is privileged. If the complaint which was published in this case was a judicial proceeding, within the meaning of the rule stated, it was privileged; otherwise it was not.

It is the contention of the defendant that the complaint published by it was a part of the judicial proceedings in the action in which it was filed, and privileged by virtue of R. L. 1905, § 4920, which reads as follows:

> No prosecution for libel shall be maintained against a reporter, editor, publisher or proprietor of a newspaper for the publica-

tion therein of a fair and true report of any judicial, legislative
or other public and official proceeding, or of any statement,.
speech, argument or debate in the course of the same, without
proving actual malice in making the report.  But the foregoing
shall not apply to a libel contained in the heading of the report,
or in any matter added by another person concerned in the pub-
lication, or in the report of anything said or done at the time
and place of the public and official proceeding, which was not
a part thereof.

This section is a part of the penal code of the state, and does not at-
tempt to define what is a judicial proceeding as the term is used there-
in and in the rule applicable to civil cases, that a publication of judicial
proceedings, if fair and impartial, is privileged.

It is true, as claimed by counsel for defendant, that a complaint, when
filed in the office of the clerk of the court, becomes a part of the records.
in the action and that by virtue of the statute (R. L. 1905, § 614) the
clerk must exhibit the records in his office for the inspection of any
person demanding the same free of charge, except in cases where fees.
are provided by law, and then upon tender of such fees.  This right, how-
ever, does not authorize the person inspecting the record to make an
improper use thereof, or to publish to the world through the medium
of the press libelous matter contained in the record.  Complaints in:
civil actions are filed by the plaintiff.  The court does not pass upon
the question whether or not they shall be filed.  Nor has the clerk of
the court any right to refuse to file a complaint, when requested by the
plaintiff, although it may contain libelous matter.  Now, if the filing
of such a complaint must be construed as a judicial proceeding within.
the rule stated, then any one who happens to read the complaint after
it is filed is privileged to publish it, and send it into the houses and of-
fices of thousands of the citizens of the state, and thereby brand the
person against whom the complaint is filed with infamy.  If such be
the law, then an easy and safe way has been provided whereby a party
desiring to libel another may do so with impunity by entitling the libel
in an action, labeling it a complaint, and filing it with the clerk.  The
constitutional guaranty to the citizen of a certain remedy for all wrongs.

which he may receive in his person, property, or character cannot be evaded by any such makeshift.

The distinction between a complaint and judicial proceedings proper is clear. The first is ex parte, not subject to the control of the court in the first instance, the clerk must file it, and its publication can in no manner serve the administration of justice, or any other legitimate object of public interest. The last are had in court, under the control of the judge, where both sides may be heard. A fair report of such a proceeding would include the claims of all parties as made in court. It is the publication of such a report only that is privileged.

We hold, upon principle and authority, that a publication of judicial proceedings, if fair and impartial, is privileged; but a complaint or other pleading in a civil action, which has never been presented to the court for its action, is not a judicial proceeding within the rule, and its publication, if it contains libelous matter, can only be justified by showing that it is true. 1 Jaggard, Torts, 532; Newell, S. & L. 471; Park v. Free Press Co., 72 Mich. 560, 40 N. W. 731, 1 L. R. A. 599, 16 Am. St. 544; Cincinnati v. Timberlake, 10 Oh. St. 549, 78 Am. Dec. 285; Cowley v. Pulsifer, 137 Mass. 392, 50 Am. 318; Barber v. St. Louis, 3 Mo. App. 377. It follows that the publication in this case was not privileged.

Order affirmed.

JAGGARD, J., dissents.